# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

**BLAKE CHRISTOPHER TADEMY,**

                    Petitioner,

vs.

**UNITED STATES OF AMERICA,**

                    Respondent.

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Case No. 2:16-CV-726-DAK

The Honorable Dale A. Kimball

      This matter is before the court on Petitioner Blake Christopher Tademy's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On September 12, 2012, Mr. Tademy was named in a three-count indictment charging possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). On March 25, 2013, under the terms of a signed "Statement By Defendant in Advance of Plea of Guilty," Mr. Tademy pleaded guilty to possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. The other count against him was ultimately dismissed.

      The court accepted the plea, and, on March 25, 2013, imposed the sentence on Mr. Tademy of 60 months' imprisonment followed by a 5-year term of supervised release. Mr. Tademy did not file a direct appeal.

      On June 23, 2016, Mr. Tademy placed in the prison mailing system a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Tademy's motion argues that the decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which

held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, applies to 18 U.S.C. § 924(c). Therefore, Mr. Tademy argues that his sentence based on Count II should be vacated and that he should be resentenced.

In general, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

Although Mr. Tademy is arguing that his sentence was unconstitutional, his petition fails on the merits. The issue discussed and decided by the Supreme Court in *Johnson* is "whether [the ACCA residual clause's] definition of a violent felony survives the Constitution's prohibition of vague criminal laws." *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015). The Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but clarified that its decision did not affect "the remainder of the Act's definition of a violent felony." *Id.* at 2563. Significantly, the Supreme Court's decision in *Johnson* dealt entirely with the way that the statute defined a "violent felony."

Since the Supreme Court decided the *Johnson* case, many courts have considered whether its holding applies to other statutes which similarly define a "violent felony" or a "crime of violence." *See, e.g.*, *Dimaya v. Lynch*, 803 F.3d 1110, 1115-18 (9 th Cir. 2015) (following the reasoning in *Johnson* to find the residual clause in an immigration statute void for vagueness). Several district courts, including this one, have considered whether *Johnson* applies to the residual

definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B). *See United States v. Checora*, No. 2:14-CR-457-DAK, 2015 WL 9305672, at *8 (D. Utah Dec. 21, 2015) (concluding that "nothing in the Supreme Court's *Johnson* decision requires this court to find § 924(c)(3)(B)'s residual clause unconstitutionally vague" and listing other district court cases that have reached the same conclusion).

However, Mr. Tademy was not sentenced under the residual clause definition of "crime of violence" in § 924(c)(3)(B). The sentencing enhancement described in § 924(c) applies when an individual uses or carries a firearm "during and in relation to" or possesses a firearm "in furtherance of" either a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Mr. Tademy's sentenced was enhanced under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. Mr. Tademy's enhancement was in no way related to the "crime of violence" portion of § 924(c) and, therefore, did not implicate § 924(c)'s residual clause definition of "crime of violence." Because the Supreme Court's decision in *Johnson* applied only to the way that the ACCA defined a "violent felony," *Johnson* is not implicated at all when the § 924(c) sentencing enhancement is applied only to a drug trafficking crime.

Because *Johnson* does apply to drug trafficking crimes under § 924(c), Mr. Tademy's sentence based on that statute does not need to be vacated, and Mr. Tademy is not entitled to be resentenced.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005)

(quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Tademy has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a certificate of appealability. If Mr. Tademy wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Tademy's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

DATED this 20th day of July, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge